### Isaac W. Blain *v.* William N. Patterson.

In trover for goods described in the declaration, the parties agreed of record that defendant should deliver to plaintiff all the articles sued for not included in a certain schedule, and that what he did not so deliver he should pay for. Upon a representation by plaintiff that the agreement was not fully performed, the case was committed to an auditor who reported the amount due for the articles not delivered up. Exceptions to the report having been transferred and overruled, the defendant claimed the right to go to the jury. *Held*, that the appointment was not that of an auditor under the statute, but rather a master or commissioner to assess damages, and that defendant could not now claim a trial by jury.

This is an action of trover, and is the case reported in 47 N. H. 523. The further facts sufficiently appear in the opinion of the court.

*C. W. & E. D. Rand*, for defendant, cited *King* v. *Hutchins*, 26 N. H. 139 ; *Beebe* v. *Dudley*, 30 N. H. 34 ; General Statutes, chap. 209, sec. 22 ; and *Rich* v. *Flanders*, 39 N. H. 304.

*Felton*, with whom was *Hibbard*, cited *Brewster* v. *Elgerly*, 13 N. H. 275 ; *Price* v. *Dearborn*, 34 N. H. 481 ; *Ranlet* v. *Herron*, 20 N. H. 538.

Bellows, J. This was trover for divers articles of furniture and

other personal property in a schedule described. At the September Term, 1866, the parties entered into an agreement, which became matter of record, by which the defendant, was to retain of the articles sued for certain articles enumerated, for his mother Mary Patterson, and certain others for the wife of the plaintiff, and to deliver up to the plaintiff on demand, at defendant's house, all the other articles sued for, and to pay him for such as are not delivered up, and also to pay plaintiff his taxable costs. At the March Term, 1867, the plaintiff claiming that this agreement was in part unperformed by defendant, the case was committed to an auditor who had a hearing and made report at September Term, 1867, finding due the plaintiff for articles enumerated and not delivered up, $403.92, carrying out the value of each article.

At the hearing several questions were made by the defendant, and the rulings of the auditor excepted to, and the exceptions saved; and the questions arising on the case were reserved and transferred. At the law term, January, 1868, the exceptions were overruled and judgment ordered for the plaintiff; and at the March Term, 1868, the defendant claimed the right to go to the jury.

If it is to be considered that this case was committed to the auditor as such under the statute, the defendant would be entitled to a trial by jury unless he has waived it. *King* v. *Hutchins*, 26 N. H. 139; and *Beebe* v. *Dudley*, 30 N. H. 34.

It is contended, however, by the plaintiff, that although the person to whom the case was committed was called auditor, yet in fact he was merely a commissioner to assess the damages, or to find the value of the articles not delivered up.

In *Price* v. *Dearborn*, 34 N. H. 481, it was decided that in assessing damages in a defaulted action the court may appoint a master to do it, but although he be designated as auditor, it is not a proceeding under the statute providing for the appointment of auditors, and neither party has the right on the coming in of the report to a trial by the jury; the court holding that even if there was in the first instance a right to have the damages assessed by the jury, it was too late to claim it after the report of the master.

In the case now before us the right to maintain the action to recover the value of the articles not delivered up was established by matter of record; and the duty of the person so appointed was merely to find the value of those articles; and there is nothing in the case showing any occasion to examine accounts and vouchers. If this be so, it was no case for the appointment of an auditor under the statute, and consequently his report could not go to the jury as evidence. This in connection with the fact that his duties were substantially to assess the damages in an action of trover, furnishes strong ground for regarding the appointment to be that of a master or commissioner, and not an auditor under the statute. In fact, the term "auditor" is often used to designate an officer whose duties are properly those of a master, and not of an auditor under the statute; and so it is held in *Price* v. *Dearborn*, before cited. If it be conceded that the defendant, in the first instance, had a right to have the damages assessed by the jury, we think that, after

a trial before the auditor, and no objection to that mode of inquiry, it is now too late to claim a trial by jury; and, therefore,

*Defendant's motion is denied.*